IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SONYA CHANDLER ANDERSON § | | |
| and PATRICK DUNBAR JESSE, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-14-3129 | |
| § | | |
| JUDGE SUSAN BROWN and § | | |
| DEVON ANDERSON, § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

Plaintiffs Sonya Chandler Anderson and her criminal defense client, Patrick Dunbar Jesse, have filed a Petition and Application for Temporary Restraining Order [Doc. # 4] asserting claims pursuant to 42 U.S.C. § 1983 and various Amendments to the United States Constitution. In the Application, Plaintiffs ask this federal Court to enjoin Judge Susan Brown, the state district judge presiding over Jesse's criminal case, from proceeding with a retrial (after two hung juries) on a murder charge. Plaintiffs also ask this Court to require Harris County to appoint a visiting judge to preside over Jesse's trial. The Proposed Order [Doc. # 4-1] would enjoin both Defendants "from harassing the Plaintiffs, causing Intentional Infliction of Emotional Distress and financial hardship by and through a third trial in Harris County . . .." In

sum, Plaintiffs are asking this Court to enjoin or otherwise interfere with a pending, active state court criminal proceeding.

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Indeed, a federal court may not interfere with a pending state criminal proceeding, even to address constitutional issues, absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-69 (1971); *Tex. Ass'n of Business v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) ("federal courts must refrain from considering request for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted"); *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. July 22, 2014). Only in "exceedingly rare and extraordinary circumstances" may a federal court interfere with a state criminal proceeding. *See Ballard v. Wilson*, 856 F.2d 1568, 1569-70 (5th Cir. 1988). A federal court may disregard the *Younger* doctrine only when: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute flagrantly and patently violates "express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3)

application of the doctrine was waived. *Earle*, 388 F.3d at 519 (quoting *Younger*, 401 U.S. at 49).

In this case, Plaintiffs argue that the state criminal trial is in bad faith because Jesse has been tried twice on the murder charge, each trial resulting in a mistrial. Plaintiffs assert that Jesse would not be tried a third time if he were not African-American. The only factual basis in the Application for this assertion of discrimination is the suspicion of Jesse's grandmother. Consequently, Plaintiffs have failed to allege a factual basis for the assertion that the impending criminal trial is the result of discrimination or other bad faith. Therefore, pursuant to 28 U.S.C. § 2283 and *Younger*, it is hereby

**ORDERED** that the Application for Temporary Restraining Order [Doc. # 4] is **DENIED**.

Signed at Houston, Texas, this **4th** day of **November, 2014.**

_____
Nancy F. Atlas
United States District Judge